673 P.2d 402

**ENNEKING BUILDING CONSTRUCTION, INC., an Idaho Corporation, Plaintiff-Appellant,**

v.

**Douglas CLARK, Defendant-Respondent.**

No. 14603.

Supreme Court of Idaho.

Dec. 8, 1983.

Michael Paul Wasko, Nez Perce, for plaintiff-appellant.

William H. Foster and Louise O. Regelin, Grangeville, for defendant-respondent.

---

SHEPARD, Justice.

This is an appeal from a decision of the district court which in effect affirmed a decision of a magistrate dismissing a cause in the small claims division of the magistrate court. We affirm.

The district court stated:

"I'm assuming that the reason for the dismissal was that the plaintiff was not prepared to give testimony in accordance to prove the allegations of the Complaint, although the record doesn't say that, but my conversation with counsel a few moments ago seemed to indicate that may have been what took place."

That assumption of the district court was not disputed by Enneking. Since the district court did not have a verbatim transcript of the proceedings before the magistrate, Enneking was offered the opportunity to put on testimony as to the magistrate's reason for dismissal. That offer was declined. The district court then established that there had been no request for a continuance in the small claims division of the magistrate court. The district court then suggested that since the dismissal was without prejudice, perhaps the claim should be refiled in the small claims division of the magistrate court. Enneking did not adopt that course of action, but rather filed this appeal.

We find nothing to support the assertion of Enneking that the small claims action was dismissed for any reason other than the failure of the plaintiff to proceed. We find no merit in Enneking's argument relating to a default judgment. Rather, it is clear from the totality of the remarks of the district judge that he misspoke himself when he inadvertently used the term "default judgment." Likewise, we find no merit to Enneking's assertion that the district court should have granted a trial *de novo*. While I.R.C.P., 81(n) does provide that any appeal from "the small claims department of the magistrates division shall be conducted as a trial *de novo* ...," I.R.C.P. 81(k) provides that "any party who defaults or does not appear at the small claims proceeding shall have no right to appeal the judgment in the small claims proceeding to the district court." Absent I.R.C.P. 81(k), a party in a small claims action could ignore the proceedings, choosing rather to appeal any final judgment for a trial *de novo* in the district court, thus undermining the legislative policy behind the establishment of small claims courts. The policy is particularly applicable to a small claims plaintiff who, having chosen the forum, either does not appear or at the time set for trial does not proceed with his claim. If for good cause he cannot proceed, he may ask for a continuance, but in the instant case he failed to do so.

In the instant case there were two successive small claims actions initiated by the plaintiff, each based on the same claim. Each action was set for trial and each time plaintiff Enneking did not proceed with his claim.

The district court properly held that Enneking could not use the appeal process to obtain a *de novo* trial in the district court.

The decision of the district court is affirmed. Costs and attorneys' fees on appeal to respondent.

DONALDSON, C.J., and BAKES, BISTLINE and HUNTLEY, JJ., concur.

BISTLINE, Justice, specially concurring.

Having joined the Court's opinion, I write only on two points. We allow costs and attorney's fees to the respondent. At oral argument there seemed to be some misapprehension that the amount allowable for attorneys fees is the sum of $25.00. That sum, however, applies to appeals to district courts and at trial de novo. In my view that limitation is not applicable to appeals taken to this Court from district court final judgments or orders. By so suggesting I hope that the parties are able to avoid litigating that issue.

Our opinion today must be compared with *Nelson v. Property Management Services, Inc.,* 105 Idaho 711, 671 P.2d 1041 (1983). All in one month this Court issues two opinions which in philosophy are poles apart. Today we properly hold that a cor-

poration claimant cannot move its case into district court without having tried it in small claims court. In *Nelson* the Court approves the setting aside of a corporate defendant's default and default judgment *in district court* notwithstanding that the defendant did not in the small claims court establish even a scintilla of a meritorious defense, and moreover, Idaho counsel for the corporate defendant blatantly interfered in the procedures in the small claims court notwithstanding the statutory prohibition absolutely precluding such conduct. The trial bench and bar may well wonder as to what guides "our moving finger." Omar Khayyam, 1057.